Dewey, J.
It is contended, on behalf of the Marshall Fishing company, that the right of appeal from the commissioners to a jury is not given to the Hadley Falls company, and that they are bound to pay such sum as may be assessed by the county commissioners.
This is supposed to result from the fourth section of the act incorporating the respondents, and the omission therein of the provision in the railroad acts, expressly giving such right of appeal to railroad corporations. But the right to a jury must here depend upon the provisions of the Rev. Sts. c. 24, regulating the assessment of damages for land taken for highways; by the thirteenth section of which chapter, “ any party aggrieved,” is entitled to a jury.
Then it is said, that, practically, there is no appeal to be taken by the county, upon an over-assessment of land damages. True, this is so; but not by reason of any restriction in the statute itself, but because from the very nature of the case, the county can not be aggrieved by the act of their own agent in assessing the damages. The assessment is virtually their own, and for the commissioners to appeal from their own decision would be absurd. From this cause, therefore, no such *605 appeal would ever be even claimed. But this does not indicate, that if a case should occur, where others were interested than the county, whose agents the commissioners are, an appeal would not lie. If land damages were to be paid by the towns in which the land was situate, as they formerly were, the statute would well authorize such towns to demand an assessment by a jury. The court are of opinion, that a reasonable construction of the act incorporating the Hadley Falls company gives that company, as well as the petitioners, (the right to a jury to revise the damages awarded by the county commissioners.
The case was properly brought before the jury, therefore, and the only remaining question is that of the right to costs. The damages were reduced, but no provision exists applicable to such cases in reference to these damages; and of course no costs can be taxed in favor of the petitioners, and the respondents will be entitled to the taxable costs as the prevailing party.
The petitioners, under the provisions of this act, “ that all expenses accruing under such application to and determination of the county commissioners shall be borne by the Hadley Falls company,” now ask to tax all their expenditures for counsel-fees in the prosecution of their claims, although we should allow a liberal taxation for all expenditures for plans, surveys, &c. We cannot suppose that the legislature intended to embrace counsel-fees in the above provision, and the claim must therefore be disallowed.